**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: | Chapter 7 |
| **ANDREW THOMAS PLOWMAN,** | Bankruptcy No. 26-12521 |
| Debtor. | |

**MOTION OF PAOLI DEVELOPMENT ASSOCIATES, LLP FOR RELIEF FROM
THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)**

Paoli Development Associates, LLP ("Movant"), by and through its undersigned counsel, hereby moves this Honorable Court, pursuant to 11 U.S.C. § 362(d), for relief from the automatic stay with respect to the commercial real property located at 1308 Egypt Road, Oaks, Pennsylvania 19456 (the "Premises"), together with the Debtor's personal property located thereon. In support of this Motion, Movant respectfully avers as follows:

**I.      JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (G).

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1409.

3.      The statutory predicate for the relief requested is 11 U.S.C. § 362(d). This Motion is filed pursuant to Federal Rule of Bankruptcy Procedure 4001 and Local Bankruptcy Rule 4001-1.

**II.      PARTIES**

4.      Movant, Paoli Development Associates, LLP, is the owner and lessor of the Premises and the holder of pre-petition judgments entered against the Debtor and his wholly owned company in the Court of Common Pleas of Montgomery County, Pennsylvania.

5.      The Debtor, Andrew Thomas Plowman, filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on June 11, 2026 (the "Petition Date"), commencing the above-captioned case, No. 26-12521.

6. J&A Goods, LLC, d/b/a Plowman Kitchen and Bath and Plowman Custom Cabinetry (the "Tenant"), is a Pennsylvania limited liability company of which the Debtor is the sole member. The Tenant is the lessee under the Lease defined below. The Tenant has not filed, and is not a debtor in, any bankruptcy case.

## III.   FACTUAL BACKGROUND

### A.   The Lease and the Debtor's Personal Guaranty

7. By written commercial lease (the "Lease"), Movant leased the Premises—retail and warehouse/flex space at 1308 Egypt Road, Oaks, Pennsylvania 19456—to the Tenant.

8. Section 26 of the Lease required fifteen (15) days' written notice and an opportunity to cure following a monetary default.

9. Under Section 55 of the Lease, the Debtor personally guaranteed the Tenant's obligations under the Lease.

10. The Debtor scheduled the Lease on his Schedule G (Executory Contracts and Unexpired Leases), identifying Movant as the counterparty and the Premises as "Retail & Warehouse/Flex Space 1308 Egypt Road, Oaks, PA 19456."

### B.   The Pre-Petition Default, Termination, and Judgments

11. The Tenant defaulted on its monetary obligations under the Lease and failed to cure within the fifteen-day period required by Section 26, which expired on May 19, 2026.

12. On May 20, 2026, Movant issued a Notice of Termination terminating the Lease effective immediately and demanding surrender of the Premises. The Lease was thereby terminated under applicable Pennsylvania law prior to the Petition Date.

13. On May 28, 2026, the Court of Common Pleas of Montgomery County, Pennsylvania entered judgment by confession at No. 2026-14018, consisting of (a) a money judgment in the amount of $11,349.80, jointly and severally, against the Tenant and against the Debtor individually

as guarantor under Section 55 of the Lease, and (b) a judgment for possession of the Premises against the Tenant, J&A Goods, LLC.

14. Both the termination of the Lease (May 20, 2026) and the entry of the money and possession judgments (May 28, 2026) preceded the Petition Date (June 11, 2026). The Debtor disclosed the Montgomery County action at Item 9 of his Statement of Financial Affairs and identified it as pending.

### C. *The Tenant's Business Has Ceased; the Debtor Neither Occupies Nor Operates the Premises*

15. The Debtor's own filings establish that the Tenant's business has ceased. The Debtor's Statement of Financial Affairs (Item 27) states that J&A Goods, LLC operated only from 2019 through March 6, 2026.

16. The Debtor values his one-hundred-percent membership interest in J&A Goods, LLC at $0.00. See Schedule A/B, line 19.

17. The Debtor resides at 239 Arden Road, Conshohocken, Pennsylvania. The Premises is commercial property and is not the Debtor's residence.

18. The Debtor's Schedule I and Schedule J reflect that he is not operating any business and that his monthly expenses exceed his monthly income by $7,421.00.

19. Items of the Debtor's personal property remain at the Premises, including a 2025 Homesteader trailer (Schedule A/B, item 3.3, valued at $8,750.00) and woodworking and shop equipment (Schedule A/B, Part 5). The Debtor did not claim this personal property as exempt on Schedule C.

### D. *The Debtor Has Not Assumed the Lease*

20. The Debtor commenced this case under Chapter 7—a liquidation. No plan of reorganization has been or can be proposed.

21. The Debtor's Statement of Intention (Official Form 108) does not provide for assumption of the Lease, and neither the Debtor nor any trustee has assumed it.

## IV.    RELIEF REQUESTED

22. Movant respectfully requests entry of an Order, substantially in the form submitted herewith:

(a)    terminating, annulling, or modifying the automatic stay of 11 U.S.C. § 362(a) for all purposes to permit Movant to exercise its rights and remedies under applicable Pennsylvania law, including completing execution upon the judgment for possession, recovering possession of the Premises, and removing (or causing the Sheriff to remove) the Debtor's personal property from the Premises;

(b)    confirming that the automatic stay does not apply to, and does not preclude, Movant's enforcement of the judgment for possession against the non-debtor Tenant, J&A Goods, LLC;

(c)    waiving the fourteen-day stay imposed by Federal Rule of Bankruptcy Procedure 4001(a)(3);

(d)    providing that the Order is binding and effective notwithstanding any conversion of this case to a case under any other chapter of Title 11; and

(e)    granting such other and further relief as the Court deems just and proper.

## V.    LEGAL STANDARD

23. Section 362(d) provides, in relevant part, that the court shall grant relief from the stay "such as by terminating, annulling, modifying, or conditioning such stay—"

> "(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or (2) with respect to a stay of an act against property under subsection (a) of this section, if—(A) the debtor does

not have an equity in such property; and (B) such property is not necessary to an effective reorganization." 11 U.S.C. § 362(d).

24. On a motion for relief from stay, the movant bears the burden of proof only on the issue of the debtor's equity in the property; the party opposing relief bears the burden of proof on all other issues. 11 U.S.C. § 362(g).

25. The Bankruptcy Code does not define "cause" under § 362(d)(1). The United States Court of Appeals for the Third Circuit has held that "cause" is determined by the court "based on the totality of the circumstances in each particular case." *In re Wilson*, 116 F.3d 87, 90 (3d Cir. 1997).

## VI.      ARGUMENT

### A.      *Cause Exists to Grant Relief from the Stay Under Section 362(d)(1).*

26. Under the totality of the circumstances, cause exists to terminate or modify the stay. See *Wilson*, 116 F.3d at 90.

27. The Lease is a lease of nonresidential real property that was terminated under applicable Pennsylvania law before the Petition Date. As a matter of statute, such a lease cannot be assumed by the Debtor or any trustee. 11 U.S.C. § 365(c)(3). The Debtor thus has no means of retaining the Premises through assumption and indeed has not attempted to assume the Lease.

28. Movant is receiving no adequate protection of its interest in the Premises. The Tenant has paid no rent or other consideration for the use and occupation of the Premises, charges continue to accrue, and the Debtor is, on his own schedules, unable to pay them. Section 362(d)(1) expressly identifies "the lack of adequate protection of an interest in property" as cause for relief. 11 U.S.C. § 362(d)(1).

29. The Premises confers no benefit on the estate. The Debtor does not reside at or operate any business from the Premises; the Tenant's business ceased in March 2026; the Debtor values his interest in the Tenant at zero; and the Debtor's monthly expenses exceed his income.

The estate has no use for a terminated commercial leasehold, and continuation of the stay serves only to delay Movant's recovery of its own real property.

30.    Independently, the Lease is deemed rejected and must be immediately surrendered to Movant if not assumed within 120 days after the order for relief. 11 U.S.C. § 365(d)(4). Because this is a Chapter 7 liquidation in which the Lease has not been and cannot be assumed, surrender of the Premises is the inevitable statutory result, and cause exists to grant relief now rather than await that deadline.

### B.    Relief Is Independently Warranted Under Section 362(d)(2).

31.    Relief is also warranted under § 362(d)(2). First, the Debtor has no equity in the Premises. Movant owns the Premises, and the Debtor's only colorable interest was a leasehold that terminated pre-petition and that is the subject of a confessed judgment for possession. There is no equity to administer. 11 U.S.C. § 362(d)(2)(A).

32.    Second, the Premises is not necessary to an effective reorganization. The Supreme Court has held that this element requires the debtor to demonstrate "a reasonable possibility of a successful reorganization within a reasonable time." *United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 375–76 (1988). The Debtor filed under Chapter 7. There is no reorganization in prospect—and none is possible—and the Debtor cannot carry the burden, which is his under § 362(g) and *Timbers*, of showing that the Premises is necessary to a reorganization that does not and cannot exist.

33.    To the extent the Debtor's residual possessory interest in the Premises is treated as property of the estate, that circumstance is precisely why Movant proceeds by this Motion rather than by self-help: Pennsylvania does not permit commercial landlord self-help, and Movant seeks the stay relief necessary to enforce its judgments through lawful process. On either view, the § 362(d) standards are satisfied and relief should issue.

**C.       The Automatic Stay Does Not Protect the Non-Debtor Tenant, J&A Goods, LLC.**

34.    The judgment for possession runs against the Tenant, J&A Goods, LLC, a separate legal entity that is not a debtor in any bankruptcy case.

35.    The automatic stay of § 362(a) protects the debtor and property of the debtor's estate. By its terms it "stays actions only against a debtor" and "may not be invoked by entities such as sureties, guarantors, co-obligors, or others with a similar legal or factual nexus to the . . . debtor." *McCartney v. Integra Nat'l Bank N.*, 106 F.3d 506, 509–10 (3d Cir. 1997) (quoting *Maritime Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1204–05 (3d Cir. 1991)). The Tenant is a separate entity that has not sought bankruptcy protection. No exception applies: this is a Chapter 7 liquidation in which there is no reorganization to protect, and Movant's recovery of its own real property does not impair the Debtor's estate.

36.    Nor is there any co-debtor stay. The co-debtor stay applies only in a case under Chapter 13, and only as to a "consumer debt." 11 U.S.C. § 1301(a). The Debtor filed under Chapter 7, and his obligations are, by his own designation on the petition, primarily business debts. Accordingly, nothing arising from the Debtor's case stays Movant's enforcement of the judgment for possession against the Tenant, and Movant requests confirmation to that effect to remove any doubt.

**D.       The Debtor's Personal Property at the Premises.**

37.    The Debtor's trailer and shop equipment remain at the Premises, are property of the estate, and were not claimed as exempt. Movant seeks relief permitting the removal of that property in the ordinary course of recovering possession, and, as a party in interest, requests in the alternative that the Court order the trustee to abandon such property as burdensome to or of inconsequential value and benefit to the estate. 11 U.S.C. § 554(b). The Premises may then be returned to Movant unencumbered.

**E.    *The Fourteen-Day Stay Should Be Waived.***

38.    In light of the pre-petition termination of the Lease, the pre-petition judgment for possession, the absence of any equity or benefit to the estate, and the continuing accrual of charges, Movant requests that the fourteen-day stay under Federal Rule of Bankruptcy Procedure 4001(a)(3) be waived so that Movant may proceed without further delay.

**VII.    CONCLUSION**

**WHEREFORE**, Movant, Paoli Development Associates, LLP, respectfully requests that this Court enter the proposed Order granting relief from the automatic stay and granting such other and further relief as is just and proper.

Respectfully submitted,

LAW OFFICES OF MICHAEL ALAN
SIDDONS, ESQUIRE, PLLC

By:  /s/ Michael A. Siddons
**Michael A. Siddons, Esquire**
230 N. Monroe Street
P.O. Box 403
Media, PA 19063
(610) 255-7500 - office
(610) 514-5904 - facsimile
msiddons@siddonslaw.com
Counsel for Movant,
Paoli Development Associates, LLP

Dated: June 16, 2026